**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUN 28 2022

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| KEICY CHUNG, | No. 21-15936 |
| Plaintiff-Appellant, | D.C. No. 1:18-cv-00469-LEK-RT |
| v. | |
| VISTANA VACATION OWNERSHIP, INC.; STARWOOD HOTELS AND RESORTS WORLDWIDE, LLC, FKA Starwood Hotels and Resorts Worldwide, Inc., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Hawaii
Leslie E. Kobayashi, District Judge, Presiding

Submitted June 15, 2022[**]

Before:    SILVERMAN, WATFORD, and FORREST, Circuit Judges.

Keicy Chung appeals pro se from the district court's judgment dismissing

his diversity action alleging state law claims related to his purchase of a timeshare

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

property in Hawaii. We have jurisdiction under 28 U.S.C. § 1291. We review for an abuse of discretion the denial of leave to amend. *Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011). We affirm.

The district court did not abuse its discretion by denying Chung's fourth motion to amend his complaint because Chung's proposed amended claims were barred by res judicata and amendment would have been futile. *See id.* (dismissal without leave to amend is proper when amendment would be futile); *DKN Holdings LLC v. Faerber*, 352 P.3d 378, 386 (Cal. 2015) (setting forth claim and issue preclusion doctrine under California law); *Fed'n of Hillside & Canyon Ass'ns v. City of Los Angeles*, 24 Cal. Rptr. 3d 543, 557 (Ct. App. 2004) (claim preclusion "bars the litigation not only of issues that were actually litigated but also issues that could have been litigated"); *see also Taylor v. Sturgell*, 553 U.S. 880, 891 & n.4 (2008) (the preclusive effect of judgments in diversity cases is determined by the preclusion rules of the state in which the rendering court sits).

The district court did not abuse its discretion by construing Chung's objection as a motion for reconsideration and denying it because Chung failed to establish any basis for such relief. *See Sch. Dist. No. 1J, Multnomah County, Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993) (setting forth standard of review and bases for reconsideration).

**AFFIRMED.**